### First National Bank & Trust Co. v. Fordyce

*John E. Benz*, for plaintiff.

*Ralph K. Barclay, Jr., and Charles O. Zebley*, for the sheriff.

FRANKS, *J.*, August 13, 1985—Plaintiff presents to this court exceptions to the sheriff's schedule of distribution on the February 8, 1985, sale of defendants' 1982 Ford EXP. Plaintiff excepts to the inclusion of a $300 exemption under 42 Pa.C.S. §8123 for each defendant in the schedule of distribution. For the reasons set forth below, plaintiff's exceptions are dismissed.

A debtor is granted a $300 exemption from attachment or execution on a judgment. 42 Pa.C.S. §8121 et seq. If the property is indivisible, the judg-

ment debtor is permitted to claim the exemption out of the proceeds of the sale. The exemption may not be waived. 42 Pa.C.S. §8122; Mayhugh v. Coon, 460 Pa. 128, 331 A.2d 452 (1975).

The Supreme Court, after its decision in Mayhugh, amended the Rules of Civil Procedure. The sheriff was then required, in the absence of the judgment debtor's claim, to claim the exemption on the debtor's behalf. Pa.R.C.P. 3123. The court thus insured that the claim would be made. The Rules of Civil Procedure also provide that where a plaintiff-creditor or any other lienholder is the purchaser, the sheriff may require the payment, in cash, of all legal costs distributable from the proceeds of the sale. Pa.R.C.P. 3133.

Plaintiff argues for a strict construction of 42 Pa.C.S. §8123, citing Broadscope, Inc. v. Guilbert, 23 D.&C.3d 109 (1982). We decline to follow Broadscope.

Under the Statutory Construction Act, 1 Pa.C.S. §1101 et seq., the legislative intent behind the passage of an act is controlling. The Supreme Court has held that the legislative objective of §8123 is to provide the debtor with a nucleus of funds or property from which a new life may be started. Mayhugh, at 134. The court found that "[t]he legislature was obviously concerned with the situation of the debtor and not . . . with the protection of the creditor." Id. at 134. The policy carries such weight that there is no exception based on the financial status of the defendant-debtor.

We interpret the statute and rules in para materia so that an absurd result will be avoided. To require the sheriff to claim the exemption without providing the necessary means to collect it would require a futile act inconsistent with the rules of construction.

Statutory Construction Act §1922(1); 1 Pa.C.S. §1922(1).

To permit the sheriff to include the statutory exemption on the schedule of distribution gives full effect to all provisions of the statute and the rules of procedure and furthers the legislative intent behind the Act. 1 Pa.C.S. §1922(1) and (2).

To permit instant plaintiff to bid far below the market value of the vehicle in an attempt to circumvent the exemption to which the defendants are entitled would create a windfall for plaintiff. Plaintiff will not be permitted to deny defendants their statutory exemption indirectly where it cannot be denied directly.